Filed 10/6/14  P. v. Dazo CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>VICTOR HONDELERO DAZO, JR.,<br><br>    Defendant and Appellant. | C074495<br><br>(Super. Ct. No. CRF090255) |

On January 14, 2009, defendant Victor Hondelero Dazo, Jr., punched his wife in the mouth and then left the house.  Both of the victim's lips were cut.[1]

Defendant pleaded no contest to infliction of corporal injury on a spouse (Pen. Code, § 273.5, subd. (a))[2] and admitted that the plea constituted a violation of his

---

[1]  Because the matter was resolved by plea, our statement of facts is taken from the probation officer's report.

[2]  Further statutory references are to the Penal Code unless otherwise indicated.

probation in a separate case. In exchange, a related count of first degree robbery was dismissed. (§§ 211, 212.5, subd. (a).)

In April 2009 defendant was sentenced to prison for the upper term of four years. Execution of sentence was suspended; defendant was placed on probation for four years on the conditions, among others, that he complete a 52-week batterer's treatment program and serve 90 days' incarceration with credit for 50 days. He was ordered to pay a $500 fine plus $1,400 in penalty assessments; a $200 restitution fine (§ 1202.4) plus processing fee; and a $200 restitution fine, suspended unless probation is revoked (§ 1202.44).

In July 2009 defendant's probation was revoked for failure to appear before the trial court. In August 2009 the violation of probation was dismissed and probation was reinstated.

In May 2010 defendant's probation was revoked for failure to attend the batterer's treatment program. In July 2010 defendant admitted the violation. Probation was reinstated on the condition that defendant serve 30 days' incarceration. He was rereferred to the batterer's program. In August 2010 defendant commenced serving the period of incarceration.

In November 2010 a declaration was filed alleging that defendant had violated his probation by being terminated from the batterer's treatment program. The trial court revoked his probation.

In December 2010 defendant admitted the violation. Probation was reinstated on the condition defendant complete 32 weeks of the 52-week batterer's treatment program even though he had completed 27 weeks. The matter was continued for review in January 2011. In February 2011 the trial court found that defendant was complying with its December 2010 order.

In April 2011 a declaration was filed alleging that defendant had failed to report to probation, failed to make payments, and had tested positive for alcohol and marijuana. Defendant's probation was revoked.

Following a contested revocation hearing in August 2011, the trial court found the allegation of probation violation to be true. Probation was reinstated and extended for one year on the condition that defendant serve 180 days' incarceration consecutively to the 90 days and 30 days that previously had been ordered.

In February 2013 a declaration was filed alleging that defendant had failed to report to the probation department on 11 occasions, moved away from his residence without reporting a change of address, and tested positive for marijuana and methamphetamine. Defendant's probation was revoked.

In April 2013 defendant admitted the probation violations. His request for commitment to the California Rehabilitation Center was denied. The trial court ordered execution of the prison term and the probation revocation restitution fine. It imposed a $200 restitution fine, suspended unless parole is revoked (§ 1202.45); a $40 court operations fee (§ 1465.8, subd. (a)(1)); and a $30 court facilities assessment (Gov. Code, § 70373). Defendant was awarded 223 days' custody credit and 190 days' conduct credit.

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant.

Our review of the record discloses that the abstract of judgment does not include the $500 fine and $1,400 in penalty assessments imposed in April 2009. On remand, the trial court shall determine whether those sums are still outstanding and, if so, amend the abstract of judgment to include them.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

3

## DISPOSITION

The judgment is affirmed. The trial court is directed to correct the abstract of judgment to include any outstanding balance on the $500 fine and $1,400 in penalty assessments, and to forward a certified copy thereof to the Department of Corrections and Rehabilitation.


                                                  RAYE , P. J.


We concur:


BLEASE , J.


DUARTE , J.

4